## Case No. 10,101a.

### NELSON v. BELL et al.

[18 Betts, D. C. MS. 107; Betts, Scr. Bk. 202.]

District Court, S. D. New York. April 2, 1851.

ADMIRALTY PRACTICE—MOTIONS TO VACATE PROCEEDINGS FOR IRREGULARITIES.

[1. A party seeking to set aside the proceedings against him (including an attachment of his property and an arrest of his person) for irregularities in the papers must embody all his

objections in one application, and will not be allowed to split them up, and embody in a subsequent motion additional grounds presumptively known to him at the time of the first application.]

[2. A second application to vacate the proceedings cannot be sustained on the ground that the libel was not verified by oath, and that no jurat is annexed thereto, for it will be presumed that these facts were known to counsel, or would have been known to him on the exercise of reasonable diligence at the time of making the first motion.]

[3. Where a motion is made to set aside the proceedings for want of verification of the libel, the fact being that the name of the clerk is not subscribed to the jurat, it may be shown in opposition to the motion by the testimony of the clerk that the oath was in fact regularly administered before the libel was filed.]

[This was a libel by Samuel C. Nelson against Thomas Bell and others. Heard on motion to set aside the proceedings, including an attachment of defendant's property, and an arrest of his person, because of irregularities in the papers. A similar motion was previously made and denied. Case No. 1,257.]

BETTS, District Judge. Notice dated February 5, 1851, was given by the proctor of Bell, one of the respondents, to the proctors of the libellant, of a motion to be made on the 11th of the same month to vacate, set aside and annul the proceedings upon the libel in this cause, and also the order of January 13, 1851, endorsed thereon, to hold the defendant to bail. The notice then proceeds to state five different grounds upon which the motion will be supported: First. That rule 23 of the supreme court has not been complied with. Second. That no affidavit or other proof was produced to the judge making the order to support it. Third. That the libel is not verified by oath or affirmation of the libellant or any person in his behalf. Fourth. That no evidence was given the judge of the verification of the libel by oath. Fifth. That no proof was given the judge that Bell could not be arrested before a mandate was obtained for the attachment of his property. The motion was brought to hearing during the March term. An objection was taken preliminarily by the counsel for the libellant that the essential matters embraced in this notice had been brought before the court in January term, on an application similar in purport to the present, and when all the facts of the present motion were also in possession of the defendant and his proctor, and that it is not now competent for him to divide his application, and ask relief upon grounds then known to him and directly connected with the subject-matter brought before the court. The former application by the same proctor dated January 17, 1851, is upon notice that he will move that the defendant Bell be discharged from arrest in the cause, and that the attachment against his property be dissolved, founded upon the affidavit of Bell and the supreme court rules in admiralty, and upon the libel and order to hold to bail thereon. That motion was made and argued the 22d of January, and after consideration was decided by the court on the 27th against the defendant. [Case No. 1,257.]

No new particular is presented in this case respecting the regularity of the proceedings by the libellant, other than that the proctor for the defendant makes affidavit that he has examined the files of the court, and made inquiries as to the proceedings in this cause, and has discovered that the libel is not verified by oath, and that no jurat is annexed thereto or filed therewith. He does not state when the discovery was made, and as it was a patent fact at the time the former notice was given and motion made, the presumption is it was then known to him, or would have been on the exercise of reasonable diligence.

The rule rests alike upon reason and authority that a party seeking to set aside proceedings against him for any supposed irregularity or want of equity must embody all his objections in his application. He will not be permitted to split them into parcels, and try the effect and sufficiency of one motion thereon after another; and he is bound to be prepared with all those which he could by reasonable diligence procure, as well as those then known to him, or apparent upon the papers. Desmond v. Wolf [1 Code Rep. 49].

If there was a vital deficiency in the libel or its verification, that must be matter open to the notice of the party, on the slightest inquiry, and after hearing the defendant once fully upon the objection that there was no sufficient authority to justify the process issued in the cause, and adjudging the point against him, a court will hardly admit a new application to effect the same end, founded upon a denial that the evidence on which the court acted was not regularly authenticated.

The objection in respect to the verification of the libel is merely technical and formal. The name of the clerk taking the oath is not subscribed to the jurat, but he swears the oath was regularly administered by him to the libellant before he filed the libel, and he so informed the counsel for the defendant before this motion was made. If a motion had been made upon the affidavit, the objection might be taken that it was not verified. Jackson v. Stiles, 3 Caines, 128. But when the motion is aggressive, founded upon the circumstance that no signature is attached to the jurat, it may be repelled by proof that the affidavit was duly sworn to. The supreme court say, the officer's name, but not the date, may be omitted in a jurat. Chase v. Edwards, 2 Wend. 283. Attaching the name of the officer to the jurat does not constitute a verification by oath. It is only evidence that the oath was administered, and I cannot perceive there would be any legal objection to convict a party of perjury in an affidavit sworn before a proper officer, although no jurat is attached to it, provided the officer could, without the jurat, give satisfactory proof that the oath was duly administered.

Upon both grounds this objection must fail to affect the proceedings, and all the other points respecting the regularity of the warrant of attachment were considered and disposed of on the former motion. This motion must accordingly be denied, with costs.